508 P.2d 85

**STATE of Arizona, Appellee,**

v.

**Jerry Kenneth MOORE, Appellant.**

**No. 1 CA–CR 524.**

Court of Appeals of Arizona, Division 1, Department A.

April 5, 1973.

---

2. A supplemental complaint contained like allegations as to the year ending June 30, 1970.

DONOFRIO, Presiding Judge.

This is an appeal by .defendant Jerry Kenneth Moore from a judgment of conviction and sentence of three to five years in Arizona State Prison for the crime of Burglary, 2nd Degree, following his plea of guilty thereto.

Defendant was represented at all proceedings, beginning with the preliminary hearing in the Justice Court, by the Maricopa County Public Defender. Said counsel has advised this Court by motion to withdraw that after a diligent search of the entire record in this case, he has been unable to discover any reversible error upon which an appeal could be based. He has filed a brief consisting of some twelve pages of his review and analysis of the record, setting forth the one issue he considers arguable. He has furnished defendant with a copy of his brief and motion to withdraw in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After the filing of counsel's brief, this Court entered an order granting defendant 30 days in which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. This additional 30-day period has now expired and no supplemental brief has been filed by defendant.

Defendant was charged with two felonies, Burglary, 2nd Degree, and Grand Theft. As a result of a plea bargain defendant pleaded guilty to the burglary charge, and the grand theft charge was dismissed. The reporter's transcript of the proceedings upon the entering of defendant's plea of guilty, and also at the time of sentencing, shows that defendant was advised of all his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the court accepted the plea as voluntarily entered. The record adequately reflects a factual basis and an understanding by defendant of the nature of the charge.

The only arguable issue raised by the Public Defender is that at the time of ac-

Gary K. Nelson, Atty. Gen., by William J. Schafer III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

cepting the plea the reporter's transcript does not show that the trial court advised defendant from the bench of the range of the punishment called for under the statute for the crime involved. A check of the record, however, does show that there was filed at the time of plea a pretrial statement signed by the defendant which sets forth in Clause 3(b) the statutory penalty of "up to 5 years in A.S.P." as the punishment for the crime. In this same pretrial statement there is also a place where defendant states he has consulted with his attorney and that he was advised of his rights. In paragraph 2 thereof the punishment is covered. It reads:

"2. I understand the County Attorney of Maricopa County has offered me the opportunity of entering a voluntary plea of guilty to the charge of 'BURGLARY, 2ND DEGREE', a felony____; a misdemeanor____; and that the possible sentence I could receive under the law is UP TO 5 YEARS IN A.S.P."

Pertinent also to this one issue is the following from the transcript at the time of plea:

"MR. DOUGHERTY: Yes, your Honor, Bernard Dougherty on behalf of the defendant. At this time, Your Honor, the defendant requests leave of Court to withdraw his plea of not guilty to Count 1, burglary, and enter a plea of guilty to that account. [sic] As I understand the plea bargain negotiations, the Count II charge of grand theft will be dismissed at the time of—we have filed a pre-trial statement signed by the defendant and his lawyer, and I guess that's all.

"THE COURT: Okay. You are Mr. Moore the defendant in this proceeding.

"THE DEFENDANT: Yes.

"THE COURT: Mr. Moore I show you the pre-trial statement and ask if that's your signature on down there?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have read that document and know what it says?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand, as set forth in the pre-trial statement, that this Court can sentence you to the Arizona State Prison at Florence for a term not to exceed five years?

"THE DEFENDANT: Yes, sir."

In view of the foregoing, we believe defendant was sufficiently advised in the matter and that he had a full understanding of the possible punishment by the court, and that this assignment of error is frivolous.

The Court has read and considered the brief filed by counsel and has reviewed the entire record pursuant to A.R.S. § 13–1517, and has determined that there was no fundamental error in the case and that this appeal is frivolous.

The judgment of guilt and the sentence thereon are affirmed.

OGG and STEVENS, JJ., concur.